RAWLINSON, Circuit Judge,
concurring in the judgment:
I concur in the judgment affirming the decision of the Tax' Court. However, I do so solely on the basis that the Commissioner of the Internal Revenue Service (Commissioner) is bound by the arguments and theories relied upon during the trial before the' Tax Court. As noted by the majority, the Commissioner advocated before the Tax Court that, for purposes of determining the taxable income from the home construction contracts at issue, the subject matter of the construction contract was only the purchased house and the lot upon which the house was sited. Specifically, the Commissioner argued that none of the amenities included in the housing development were part of the contract, and that any amenities were secondary items unrelated to completion of the contract.
The Tax Court rejected the Commissioner’s argument on both fronts, ruling that each construction contract included the amenities within the development, and that those amenities were not secondary items. On appeal, the Commissioner does not challenge these rulings by the Tax Court. Rather, the Commissioner now seeks to argue that the Tax Court erroneously permitted the Taxpayers to include the entire development when performing the calculation under the 95 percent completion test.
Our precedent is replete with cases precluding a party from endeavoring to assert a theory on appeal that was not presented to the trial court. See, e.g., Stewart v. Comm’r of Internal Revenue, 714 F.2d 977, 986 (9th Cir. 1983) (“Without question, the most appropriate times for the Commissioner to inform a taxpayer of the legal theories on which he intends to rely are first in the notice of deficiency and then in the Commissioner’s answer in the Tax Court....”) ( citation omitted); Ecological Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 511 (9th Cir. 2013) (“The Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory.”) (citation and alteration omitted); Tibble v. Edison Int’L, 820 F.3d 1041, 1046 (9th Cir. 2016) (“We recognize a general rule against entertaining arguments on appeal that were not. presented or developed before the district court.... [A]n issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it.”) (citations and internal quotation marks omitted).
We need go no further than consulting this precedent to resolve the instant appeal. I would not, and do not, go so far as to adopt the Taxpayers’ contention that the subject of each construction contract is the entire development. For starters, the concept of the contract encompassing all of the homes in the development ignores *1071 the singular language of the governing regulation, which references “the subject matter of the contract.” 26 C.F.R. § 1.460-4(d)(l) (emphasis added). It is undisputed that each home purchaser signs an individual contract and becomes obligated for the purchase price of the home at the time the individual contract is signed. Yet, the Taxpayers argued that until the cost of 95 percent of the entire development has been incurred, no reportable income has been realized. The Tax Court appeared to recognize the fallacy in this contention as a general premise, noting that it would be improper to apply the 95 percent completion test “by comparing the number of homes closed in escrow in the development to the number of homes projected to be built in the development.” Nevertheless, the fact remains that a Taxpayer could readily manipulate the 95 percent completion test by deliberately incurring development costs of less than 95 percent and deferring the balance of the costs indefinitely, correspondingly deferring taxes indefinitely. I am not persuaded that this interpretation of the regulation is consistent with its plain language. For that reason, I would affirm the Tax Court’s decision solely on the basis that the Commissioner failed to raise this issue sufficiently for the Tax Court to rule on it. I would reserve resolution of this important issue for a ease where it was fairly joined.